**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORNELIUS HARDY and TIFFANY HARDY<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO HEIGHTS, SGT. FENIMORE, Star No. 31, OFFICER FRAUSTO, Star No. 150, 15038, and PETER STYGER, Star No. 121<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 21-cv-6689<br><br>Honorable Judge Andrea R. Wood<br><br>Hon. Magistrate Sunil R. Harjani<br><br>JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

NOW COME the Plaintiffs, CORNELIUS HARDY AND TIFFANY HARDY ("Plaintiffs"), by and through their attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants CITY OF CHICAGO HEIGHTS ("City" or Defendant City"), SGT. FENIMORE, Star No. 31, OFFICER FRAUSTO, Star No. 150, and PETER STYGER, Star No. 121 ("Officers" or "Defendants"), stating as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiffs of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiffs bring claims for excessive force, false arrest, illegal search and seizure, failure to intervene, and malicious prosecution.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**PARTIES**

3. Plaintiffs, Cornelius Hardy and Tiffany Hardy ("Plaintiffs") are citizens of the United States, who currently reside in Cook County, IL.

4. Defendant City of Chicago Heights, Police Officers Sgt. Fenimore, Frausto, Mukite and Styger ("Defendants" or "Officers") were at the time of this occurrence duly licensed CHICAGO HEIGHTS Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

5. Defendant CITY OF CHICAGO HEIGHTS ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the CHICAGO HEIGHTS Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State law claims.

**BACKGROUND**

6. On the evening of the afternoon of May 4, 2020, in Chicago Heights, Cornelius Hardy was standing at his parked car while his wife Tiffany Hardy sat inside.

7. The Hardys were not violating any laws.

8. Defendant Fenimore, a sergeant with the Chicago Heights police department, approached and shouted, "If you don't get out of here, I'm going to lock you up."

9. Mr. Hardy turned to get into his car and asked why Defendant Fenimore was speaking to him that way.

10. Defendant Fenimore reached for his handcuffs and said "You want to talk about

who's talking to who? Get the fuck out of here or you're going to jail."

11. Without waiting for Cornelius to respond, Defendant Fenimore grabbed Mr. Hardy and handcuffed him with his hands behind his back.

12. Mr. Hardy did not resist.

13. Ms. Hardy, who was already in the car, slid over to the driver's side of the vehicle and cracked open the door.

14. She asked Defendant Frausto why Defendant Fenimore had taken her husband.

15. Defendant Frausto slammed the door on Ms. Hardy's arm.

16. Defendant Fenimore took Mr. Hardy to a squad car.

17. Mr. Hardy told Defendant Fenimore that what he was doing was wrong.

18. Mr. Hardy told him that he has a master's degree and that he pays taxes.

19. Defendant Fenimore responded, stating "that does not mean shit."

20. Mr. Hardy remained complaint while Defendant Fenimore searched him.

21. After searching Mr. Hardy, Defendant Fenimore turned him to face the squad car.

22. Mr. Hardy asked Defendant Fenimore to loosen the handcuffs.

23. Defendant Fenimore responded, "get in the fucking car, asshole."

24. Defendant Fenimore shoved the handcuffed Mr. Hardy into the frame of the car door.

25. Defendant Fenimore then spun Mr. Hardy around and began to beat him, punching him in the car.

26. During the savage beating Defendant Fenimore grabbed one of Mr. Hardy's fingers and bent it back to the point where Mr. Hardy believed it would break.

27. Cornelious yelled for witnesses to observe what was happening to him.

28. Defendant Frausto who also participated in the unjustified beating, took out his taser.

29. As this point, video footage shows Mr. Hardy's visibly bloody face.

30. Defendant Fenimore also took his taser out.

31. Defendants Fenimore and Frausto then began to stun Mr. Hardy with their tasers.

32. Ms. Hardy, hearing the sadistic beating, started going in the direction of her husband's cries.

33. While she was still some distance from the squad car Defendant Officer pointed a taser in her face.

34. Believing the taser was a gun and that she was about to be shot, Ms. Hardy fainted; the back of her head hitting the ground.

35. Ms. Hardy was taken to the hospital for the injuries to her head and arm.

36. Mr. Hardy was taken to the Chicago Heights Police Department lockup where he was held for hours.

37. In order to justify their savagery, Defendants Frausto and Fenimore wrote false police reports and had Mr. Hardy charged with crimes they knew that he did not commit.

38. Defendants had Cornelius charged with battery, reckless conduct and resisting arrest.

39. Mr. Hardy spent over a year fighting these false charges, even though much of the incident was captured on video—including on police body worn cameras.

40. On November 1, 2021, all counts against Mr. Hardy were dismissed by *nolle prosequi*.

41. As a result of the false arrest, illegal search, excessive force and malicious prosecution, both Plaintiffs suffered injuries, including but not limited to pain and suffering, emotional harm, and financial loss.

**Count I**
**42 U.S.C. Section 1983**
**Fourth Amendment – Excessive Force Against All Defendant Officers**

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43. The actions of Defendant Officers as detailed above, constitutes unreasonable, unjustifiable, and excessive force against both Plaintiffs; thus, violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

44. As a result of the Defendant Officers' misconduct described above, both Plaintiffs suffered injuries, including but not limited to pain and suffering, emotional harm, and financial loss.

**Count II**
**42 U.S.C. Section 1983**
**Fourth Amendment -- Illegal Search and Seizure and False Arrest**
**Against All Defendant Officers**

45. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

46. The search, seizure, and arrest of Mr. Hardy; performed willfully, wantonly, and unreasonably by Defendant Officers, as detailed above, was in violation of plaintiff's right to be free of unreasonable searches and seizure and false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

47. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries, including but not limited to pain and suffering, emotional harm, and financial loss.

**COUNT III – 42 U.S.C. § 1983**
**Fourth Amendment – Failure to Intervene Against Defendants Frausto and Styger**

48. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

49. As described more fully in the preceding paragraphs, during the constitutional violations described herein, Defendant Styger and Defendant Frausto had the opportunity to prevent misconduct, but stood by without intervening to prevent the misconduct described in this Complaint.

50. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries, including but not limited to pain and suffering, emotional harm, and financial loss.

**COUNT IV – STATE LAW CLAIM**
**Malicious Prosecution Against Defendants Fenimore and Frausto**

51. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

52. As more fully stated above, Defendant Officers caused criminal proceedings against Mr. Hardy to be commenced with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which she had been charged.

53. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence which fully and finally terminated the case in Plaintiff's favor.

54. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered injuries, including but not limited to emotional harm.

**Count V**
**Indemnification – CITY OF CHICAGO HEIGHTS- 745 ILCS 10/9-102**

55. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

56. At the time of the events described above, the Defendant Officers were employed by the City of CHICAGO HEIGHTS.

57. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of CHICAGO HEIGHTS.

**Count VI**
***Respondeat Superior***

58. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

59. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of CHICAGO HEIGHTS.

60. Defendant CITY OF CHICAGO HEIGHTS is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff